JUDGE HARDIN
delivered the opinion oe the court.
The ' appellee, a resident of the state of Missouri, brought this suit in the Mercer Circuit Court, on the 15th of December, 1866, against William Cray, also a non-resident, and William Threlkeld and John W. Gray, upon a note executed by William Gray to him, at Lagrange, Missouri, May 20, 1859, for five hundred dollars, payable one day after date, “with ten per cent, interest from date,” credited by fifty dollars paid as interest on the 20th day of May, 1860. The plaintiff alleged that at the date of the note it was lawful in the state of Missouri to stipulate for the payment, of ten per cent, interest by expressing it in the contract for the payment of money. The relief sought in the action was to subject to the payment of the plaintiff’s claim that amount of money-alleged to be owing to William Gray by Threlkeld and J. W. Gray, for which the plaintiff obtained an attachment on the ground that William Gray was a non-resident of this state.
The case, being prosecuted in equity, was tided by the court, and a judgment was rendered sustaining the attachment, and directing payment by Threlkeld, out of an amount found due from him to William Gray, of the plaintiff’s claim, amounting, with ten per cent, interest computed to the date of the judgment, to eight hundred and sixty-six dollars and twenty-five cents; and the court further adjudged that B. F. Boh on, who had at his own instance been made a party, and asserted claim to the fund attached in the hands of Threlkeld, n >t manifested any right thereto; and from that judgn* Widi'am Gray and Bohon have appealed.
*689 The correctness of the judgment is questioned on several grounds, the first of which that we need to consider is as to the sufficiency of the grounds of the attachment, and presents the question whether a non-resident of this state may, in an action against another non-resident, in a court of this state, have an attachment against the property of the defendant on the ground that the defendant is a non-resident, under the provisions of section 221 of the Civil Code of Practice? It is insisted for the appellants that, construing the provisions of the Code with reference to the objects of the remedy by attachment, the question of non-residence does not depend solely on the inquiry as to the habitation of a party, and whether it be within or without the limits of the state; but that it depends on the relative places of residence of both the plaintiff and defendant; and where, as in this case, the plaintiff has not a residence in this state, the residence of the defendant in another state does not entitle the plaintiff to the remedy by attachment in this state. If there could be any solid reason for this discrimination, it might be in the fact that no necessity existed for proceeding by attachment in the state in which the creditor resided; but, however this might be, it is a sufficient answer to the argument that the Code of Practice gives to all creditors, suing in the courts of this state for the recovery of money, the remedy by attachment against defendants residing out of the state, and does not, in our opinion, admit oí' the supposed constructive discrimination against non-resident plaintiffs.
We concur also in the decision that the lien acquired by the plaintiff on the debt of Threlkeld was entitled to preference over the claim of Bohon, notwithstanding William Gray’s admission of the right of Bohon, and the evidence conducing to prove an intention to appropriate *690 tbe judgment against Tbrelkeld, when collected, or some part of it, to the payment of the balance of Bohon’s debt. Although Bohon claimed that he owned the debt on Threlkeld before the attachment was sued out — it having been transferred to him both in parol and by writing — he not only failed to exhibit any written assignment, but did not either prove what amount Gray owed him, or that he released Gray from his liability to him in consideration of the debt on Threlkeld, or in fact that any certain or definite agreement was made appropriating the debt of Threlkeld to the payment of his claim. Conceding the doctrine, as stated in Story’s Equity Jurisprudence, section 1047, and approved by this court in the case of Newby, &c. v. Hill, &c., 2 Met. 580, that no particular form is necessary to constitute an assignment of a chose in action in equity, and that it “may be by parol as well as by deed,” we are of the opinion that the evidence in this case, relied on as establishing a valid parol transfer to Bohon, is too uncertain and unreliable to overreach the express lien acquired by the levy of the attachment.
Another question presented is whether the court erred in including in the judgment interest on the debt to the plaintiff, at the rate of ten per cent, per annum, until the date of the judgment.
It appears that while six per cent, per annum was the ordinary statutory rate of interest in Missouri, it was lawful in that state for the parties to a contract to agree in writing for the payment' of interest not exceeding ten per cent, per annum on money due or to become due upon any contract. As in this case the stipulation of Gray for the payment of interest was to pay ten per cent, interest from the date of the note, which was payable one day thereafter, it is argued for the appellants that the contract imports only an agreement to pay interest at that *691 rate for one day, and that after the maturity of the debt it bore only the legal rate of interest.
In several of the states having statutes legalizing such contracts the question has arisen, what rate of interest shall be charged, in cases where the -contract provides ftq?' a higher rate than the legal rate, up to the time of maturity, but is silent as to the rate to be charged afterward until payment. Upon this question the adjudged cases are in conflict; but the weight of authority, including the decision of the Supreme Court of the United States in the case of Brewster v. Wakefield, 22 Howard, 118, is that ordinarily in such cases the rate provided by statute shall prevail after the maturity of the debt. (3 Parsons on Contracts, 104; McCamber v. Durham, 8 Wend. 550.)
But while we recognize this as the correct rule in cases where it appears that the parties meant to fix the rate of interest with reference to the time of maturity and not of payment, this case must be controlled by the intrinsic evidence which the contract itself furnishes of the intention of the parties.
The amount of interest secured by the contract in excess of the rate of six per cent, per annum for a single day is so inconsiderable that it is scarcely reasonable to suppose the parties intended to restrict the stipulated rate of interest to the maturity of the contract, but we must conclude that they intended it to continue until the debt should be paid.
Wherefore the judgment is affirmed.