## GEORGE C. SCHMIDT v. JAMES MILLER'S ADM'R.

### Changing Terms of Promissory Note.

A promissory note will be presumed to contain all the evidence of the indebtedness as well as the entire agreement between the parties, and where there is a written agreement to extend the time it must be so stated in the pleadings, otherwise it amounts only to the averment, that the parties agreed by parol at the time of the contract or before.

### APPEAL FROM GRANT CIRCUIT COURT.

#### February 13, 1879.

OPINION BY JUDGE PRYOR:

The case of *Gray v. Briscoe,* 6 Bush 687, is decisive of this case. The defense is seeking to show that the contract was different from

that evidenced by the written promise to pay, and in all such cases either fraud or mistake must be alleged as the basis of the defense. The execution of the writing is admitted, and it is not even alleged that the change the appellant is attempting to make in its stipulations was to have been inserted in the note. The agreement that it should fall due at a future period contradicts in express terms the written promise; and why the parties signed a paper not constituting the real agreement is nowhere pleaded. The note will be presumed to contain all the evidence of the indebtedness as well as the entire agreement between the parties, and if there was a written agreement to extend the time it must be so stated; otherwise, it amounts only to the averment that the parties agreed by parol, at the time of the contract or before, that it should contain stipulations directly conflicting with the writing itself. It is not pretended that there is any usury in the note, and the payments made being only such as the party had the right to demand, the agreement to forbear, if made, was without any consideration.

The demurrer to the answer was properly sustained. Judgment *affirmed.*

*J. M. Collins, for appellant.   E. H. Smith, for appellee.*