### WILLIAM WOHMAN v. VENABLE & WAGNER.

**Law of Place (Lex Loci).**
>   The delivery of a note at the place of residence in Indiana of the payee is an execution of the contract in Indiana, and nothing else appearing, the rights of the parties under the contract must be determined by the law of Indiana.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

March 6, 1879.

OPINION BY JUDGE HINES:

The delivery of the note to appellees at their place of residence in Indiana was an execution of the contract at that place, and nothing else appearing, the rights of the parties under the contract must be determined by the law of Indiana. The fact that the note is dated at a place in Kentucky is not a controlling circumstance in determining the place of the making of the contract, or the place of its performance. Wharton on Conflict of Laws, Sec. 411; 1 Parsons on Notes and Bills, 48. Besides, the answer does not attempt to set up a contract different from that stated in the petition, nor is there any proof of the residence of the appellant. The presumption from the pleadings and evidence is that both plaintiffs and defendant resided

in Indiana at the time of the execution of the note, and that the con-. tract was entered into with a view to its construction and application by the laws of the state of Indiana.

Appellant having answered, and tendered only an issue of payment, the judgment cures any new formed defect in the petition as to the law of Indiana in regard to interest allowed then to be charged. But beyond this we are inclined to the opinion that the allegations of the petition as to the law of Indiana is sufficiently specific to tender an issue.

In *Gray v. Briscoe,* 6 Bush 687, we have held that, in a case like this, the court should allow interest from date until paid. Upon the question as to the intention of the parties as to the plan of the performance of the contract, it is proper to say that the law and facts having been submitted to the court, its judgment will be treated as the finding of a jury, properly instructed, which should not be disturbed unless flagrantly against the weight of the evidence.

Judgment *affirmed.*

*John L. Dorsey, M. Yeoman, for appellant.*