JUDGE HINES
delivered the opinion of the court.
William Johnston, in March, 1873, leased to Borden a parcel of land lying in the city of Louisville for the period of ten years. In July, 1874, he mortgaged the same land to appellee to secure the payment of a debt for $5,000, and in February, 1875, Johnston sold and transferred the lease to appellant. Subsequent to the transfer of the lease appellee brought suit to subject the land to the payment of the mortgage-debt, making appellant a defendant, and calling upon him to assert his claim, asking for the appointment of a receiver, and that the rents also be appropriated to the payment of his debt. The mortgage executed by Johnston to appellee was upon the land by metes and bounds, and made no reference to the lease to Borden. A demurrer was sustained to appellant’s answer, setting up the facts above mentioned, receiver appointed, and a decree directing, first, the sale of the land mortgaged by Johnston to appellee, and second, if the proceeds did not satisfy appellee’s claim, that the interest of appellant, as assignee of Johnston, in the lease to Borden, be *791 sold. From that portion of the decree directing the sale of appellant’s interest in the lease this appeal is taken.'
The practical question to be considered is, whether appellant or appellee is entitled to the benefit of the lease to Borden.
. Since the adoption of our Civil Code, and under the date decisions of this court, the following propositions may be considered as established law:
First, that a mortgage is a mere security for debt, and that, substantially, both at law and in equity, the mortgagor is the real owner of the property mortgaged. Second, that the rents can be claimed by the mortgagee only by virtue of his contract with the mortgagor, and that they are not an incident, as between mortgagor and mortgagee, to a mortgage pledging the property by metes and bounds and making no reference to the rents, except as hereinafter indicated. Third, when there are no intervening equities of other parties the court may, on it appearing that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage-debt, appoint a receiver and subject the subsequently-accruing rents or profits to the satisfaction of the mortgagee’s claim. Fourth, where another than the mortgagee has acquired a.legal or equitable interest in or title to the rents or profits, prior to the appointment of a receiver, as provided in section 299 of the Civil Code, the mortgagee’s claim to such rents or profits will be postponed to that of the intervening claimant.
The mortgagee’s claim to the rents is inchoate, and its perfection dependent upon the happening of the contingency provided for in section 299 of the Civil Code. In the ease under consideration no claim to the rents was asserted by appellee, no application was made for a receiver and none appointed until after Johnston, for a valuable; consideration, had sold and *792 transferred his interest in the lease to appellant, nor until some time after Borden had attorned to appellant.
In the absence of an express pledge of the rents to appellee his right to them is at best but an equity, only to be enforced in the manner and under the circumstances indicated by the section of the Code referred to, and not then if another has acquired, for a consideration, a claim to the rents. It was in the power of appellee to take a lien upon the .term, as well as upon the reversion, to secure his debt, and his failure to do so by the express terms of his contract or to take the steps provided for perfecting his equity by the appointment of a receiver until after Johnston had sold to appellee, leaves him without remedy, so far as subjecting the rents are concerned.
We are of the opinion that Douglass v. Cline, 12 Bush, 608, is conclusive of the principal point suggested in this case, and therefore deem it unnecessary to cite further authority.
Judgment reversed, and cause remanded with directions for further proceedings consistent with this opinion.