### OSBORNE v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. February 13, 1908.)

#### No. 48.

1. COSTS—NONRESIDENTS—RULE FOR COSTS—AFFIDAVIT—NECESSITY FOR.

   Under a United States Circuit Court rule providing that where plaintiff is not a resident of the district when suit is brought, or, being so, afterwards removes from the district, and that in every other case where a defendant makes affidavit that he believes the costs could not be recovered of plaintiff by attachment or execution, a rule for security for costs may be entered, etc., a rule for costs on a nonresident plaintiff, or one who has removed from the district after bringing suit, need not be founded on an affidavit.

2. SAME—NONRESIDENT TRUSTEE IN BANKRUPTCY—LIABILITY TO GIVE SECURITY.

   A nonresident trustee in bankruptcy may be required to give security for costs under a rule providing for the entry of a rule for costs on nonresident plaintiffs.

Rule on Nonresident for Costs.

Horace M. Rumsey, for plaintiff.

John Hampton Barnes, for defendant.

HOLLAND, District Judge. This is a rule for costs on a nonresident plaintiff. He is a trustee in bankruptcy residing in the state of New Jersey. Two matters of defense to the rule are set up: (1) The rule was not founded on an affidavit; and (2) the plaintiff is a trustee

acting for the creditors of the bankrupt estate, and is not required to give security. Rule 9 in the district provides : ·

"In every action in which the plaintiff or complainant is not at the time of suit brought a resident of the Eastern district of Pennsylvania, or, being so, afterwards removes from the district, and in every other case where a defendant, or other person for him, shall make affidavit that he believes the costs could not be recovered of the plaintiff by attachment or execution, a rule for security for costs may be entered, upon due notice, and in default of such security being given at a· time designated by the court, judgment of nonsuit shall be entered on motion."

It will be seen by the language of the rule that, while an affidavit is required in "all other cases," none is required·where the plaintiff is a nonresident or has removed from the district after bringing suit, unless it may be said that by general practice all rules to show cause should be supported by affidavit. Mitchell on Motions and Rules (2d Ed.) p. 18, states the rule to be that:

"Where any duty is made imperative on the other·party by statute or rule of court, or the settled course of legal procedure, or where upon the status of the proceedings, as shown by the record, the party claims to be entitled of right to the relief sought, a rule to show cause may be entered of course by· the attorney without an allocatur, and in all other cases the rule should be founded upon an affidavit and allowed by the court."

In the case at bar, upon the face of the proceeding "as shown by the record," the plaintiff is a nonresident, and, if required by defendant, must give security for costs. The cases of In re Baird (D. C.) 112 Fed. 960, and In re Barrett (D. C.) 132 Fed. 362, were both cases where suits·were being instituted in the district in which the trustee resided, and raised an entirely different question in each case from the one presented here. Pacific Bank v. Mixter, 114 U. S. 463, 5 Sup. Ct. 944, 29 L. Ed. 221, was a case where a receiver of an insolvent national bank had been directed to take an appeal to the Supreme Court by the Comptroller of the Currency, and it was held he was exempted from giving security for costs under the provisions of section 1001 of the Revised Statutes [U. S. Comp. St. 1901, p. 713]. In case of an adverse decision·in such cases, this section directs the costs to be paid out of the contingent fund of the department under whose direction the prosecutions were instituted. Where a receiver of a national bank brings a suit against stockholders out of his district, it does not appear such costs can be paid out of the contingent fund, and the receiver must give security. Platt v. Adriance (C. C.) 90 Fed. 772.

Notwithstanding the fact that the plaintiff is acting in the capacity of a trustee for creditors in bankruptcy, there has been no good reason shown why he should not be required to enter costs. Rule absolute, and the plaintiff is directed to enter security for costs in the sum of $250.