## Miles v. National Bank of Kentucky.

(Decided October 21, 1910.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Mortgages—Senior and Junior Equities—Notice—Vested Rights.— While an innocent third person may take a second mortgage on property and thus defeat the equity of a junior mortgagee, the holder of a senior equity when he has notice of the junior equity, stands differently. To allow the holder of a senior mortgage to take a second mortgage and thus defeat the junior equity, of which he has notice, would be to allow him by his acts to' take from another a vested right.

EDWARD W. HINES, IRA JULIAN and McCHORD, HINES & NORMAN for appellant.

HUMPHREY & HUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

John E. Miles and his son, James N. Miles, did a milling business in Frankfort in the name of Miles & Son. They owned real property in Frankfort and in Cook county, Illinois. In the year 1891, they mortgaged both pieces of property to the Bank of Kentucky to secure an indebtedness of $18,000. In 1894, they mortgaged the Illinois property to the State National Bank to secure an indebtedness of $14,000. In 1896 the Bank of Kentucky, having knowledge of the second mortgage of the State National Bank on the Illinois property took a second mortgage on the Kentucky property to secure an indebtedness of $8,000. About the same time John E. Miles and his children who were the beneficiaries in a life policy which he held, assigned it to the Bank of Kentucky to secure it in any debt which Miles & Son might then owe or might afterwards owe the bank. In 1898,

Miles & Son made an assignment for the benefit of their creditors. The mortgage on the Illinois property was foreclosed and the property sold for $26,000. The Kentucky property sold for $10,500. After these sales were made the Bank of Kentucky bought the debt of the State National Bank. A suit to settle the assigned estate had been brought in the Franklin circuit court, and in that suit the court held that as the State National Bank had a lien only on the Illinois property, the Bank of Kentucky must exhaust first the Kentucky property before resorting to the Illinois property, and that this right to marshal assets was not affected by the fact that the Bank of Kentucky had taken a second mortgage on the Kentucky property, as this mortgage was taken with actual notice of the rights of the State National Bank. When the proceeds of the property was paid out under the orders of the court it left about $3,500 of the debt of the Bank of Kentucky unpaid. The bank held the life insurance policy, and paid the premiums on it until the death of John E. Miles, which occurred in May, 1908. The insurance company paid the amount of the policy after his death into court, and thereupon this controversy arose between the children of Miles, and the Bank of Kentucky. They insisted that as the Bank of Kentucky had the first mortgage, its first mortgage debt should have been placed pro rata on both the Kentucky property and the Illinois property, and that if this had been done there would have been more left of the proceeds of the Kentucky property to pay on the debt of the Bank of Kentucky, which was secured by its second mortgage on that property. The circuit court rejected this contention, and they appeal.

The Illinois property and the Kentucky together brought $36,500. If the debt of the Bank of Kentucky, $18,000, had been paid out of this fund, there would have been left a balance of $18,500 of which about $13,000 would have represented the balance of the proceeds of the Illinois property, and this would have been insufficient to have paid the debt of the State National Bank. Under the rulings of the court, the debt of the State National Bank was paid in full and so there was less left to be applied to the $8,000 mortgage debt which was secured by the pledge of the insurance policy. The fact that the debt of the State National Bank was bought by the Bank of Kentucky after the sale of the property, did not affect the rights of the parties. The Bank of Ken-

tucky had the right to purchase the debt of its adversary in an effort to protect itself. By its purchase, the Bank of Kentucky simply stepped into the shoes of the State National Bank. It had no greater rights than the State National Bank as to this debt, and no less rights. The rights of appellant were in nowise affected by the purchase, and are to be determined as though it had not been made. The circuit court took the same view of the matter as the Franklin circuit court, and followed the case of Swigert v. Bank of Kentucky, 17 Ben. Mon. 268. It is insisted that that case has not been followed in the subsequent cases decided by this court, and that it is opposed to the weight of authority. But we do not see that either of these conclusions is maintained. In Swigert v. Bank of Kentucky, the bank had a first lien upon a tract of land in Jefferson county, and also upon a tract of land in Boone county. Swigert had a lien upon the land in Jefferson county which was inferior to the lien of the bank. The bank had notice of Swigert's lien, and with this notice took a second mortgage on the land in Boone county. It was held that as the bank held the first lien on both tracts, and Swigert had a lien on only one tract, he had in equity a right to compel the plaintiff to exhaust its lien on the other tract before resorting to the tract on which he had a lien; and that when the plaintiff with notice of this equity, took a second mortgage on the other tract it could not thus defeat the prior equity of Swigert. The opinion is based upon the general doctrine that an older equity prevails over a junior equity acquired with notice. A contrary doctrine was not laid down in Logan v. Anderson, 18 Ben Mon. 117. The opinion in this case was also written by Judge Simpson who wrote the opinion in Swigert v. Bank of Kentucky a few months before. In Logan v. Anderson, it is distinctly said that the rule there laid down applies only "where there is no intervening equity to prevent its application." In that case the mortgages were satisfied pro rata out of the different pieces of property, upon the distinct ground that there was no intervening equity, while in the Swigert case a different rule was adopted for the reason that there was an intervening equity. The case of Shewmaker v. Yankey, 23 R. 1759, is similar to Logan v. Anderson and simply follows that case. By reason of the deed of assignment, the general creditors had acquired a lien on the property, and the assets, it

was held, could not be marshaled to their prejudice after they had thus acquired the lien, and had been prevented by the deed of assignment from taking out an execution or attachment which would have had the same effect when levied on the land. Neither of these cases apply here. As matters stood before the Bank of Kentucky took its second mortgage, the State National Bank had the right to require the Bank of Kentucky to exhaust the Kentucky property before coming upon the Illinois property for its mortgage debt. If the Bank of Kentucky were allowed when it had notice of this equity to defeat it by a second mortgage then it would always be in the power of the senior mortgagee to defeat the equity of the junior mortgagee in cases of this sort and the rule that an older equity is protected against a junior equity with notice, would be of little avail. It is true that an innocent third person may take a second mortgage and thus defeat the equity of the junior mortgagee, but the holder of the senior equity, when he has notice of the junior equity stands differently. To allow him to take a second mortgage and thus to defeat the junior equity of which he has notice, would be to allow him by his acts to take from another a vested right. Swigert v. Bank of Kentucky lays down a rule of property. It was decided in 1856. If the rule there declared is to be changed now it should be changed by the Legislature, and not by the court; for business has been conformed to it, and it may have governed not only the court below but the parties themselves in the transactions leading up to this controversy.

Judgment affirmed.