THE ALERT.

MALLOCH v. ADAMS et al.

(District Court, D. Massachusetts. March 26, 1912.)

Nos. 353, 354.

1. BANKRUPTCY (§ 285*)—TRUSTEES—PROSECUTION OF SUITS COMMENCED BY BANKRUPT—LEAVE OF COURT.

Under Bankr. Act July 1, 1898, c. 541, § 11c, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), which provides that a trustee may, "with the approval of the court," be permitted to prosecute any suit commenced by the bankrupt prior to the adjudication, the court whose approval is required is the one which appointed the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 285.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** BANKRUPTCY (§ 285*)—SUITS BY BANKRUPT—SUBSTITUTION OF TRUSTEE AS PARTY.

Under Bankr. Act July 1, 1898, c. 541, § 2 (20), as amended by Act June 25, 1910, c. 412, §§ 1, 2, 36 Stat. 838, 839 (U. S. Comp. St. Supp. 1911, p. 1491), which authorizes courts of bankruptcy to exercise ancillary jurisdiction in aid of a trustee appointed by another court, a District Court may permit a trustee appointed in another district to intervene in the bankrupt's place in any suit before it to which the bankrupt was a party; but whether, when the estate has little or no assets aside from what may be recovered in such suit, he should be permitted to sue without the customary requirement of giving security for costs, is a matter of discretion, to be determined in view of all the circumstances.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 285.*]

In Admiralty. Suits by W. Irving Adams and others against the schooner Alert, and by Almon D. Malloch, owner of the Alert, against said Adams and others. On petition of Cyrus R. Tupper, foreign trustee in bankruptcy of Adams and others, complainants in the first suit and respondents in the second, for leave to intervene in the place of the bankrupts, without giving security for costs or damages. Petition granted.

Benjamin Thompson, of Portland, Me., for trustee in bankruptcy. Carver, Wardner & Goodwin, of Boston, Mass., for Malloch.

DODGE, District Judge. The libel in No. 353 was filed October 28, 1910, by Adams & Son, copartners, of Boothbay, in the district of Maine. The owner of the Alert, libelant in No. 354, filed his claim on the same day, and with it a motion that the libelants, being non-residents, gives security for costs. The vessel was released on stipulations given by him. His libel in No. 354, filed November 2, 1910, is brought against Adams & Son, under admiralty rule 53 (29 Sup. Ct. xiv). On January 10, 1911, he filed his answer in No. 353. No answer has been filed in No. 354.

Tupper, the present petitioner, sets forth in his petition, filed February 10, 1912, that Adams & Son were adjudicated bankrupts in Maine February 25, 1911, and that he was duly appointed and qualified as trustee in bankruptcy of their estate April 28, 1911. He annexes a duly certified copy of the referee's order approving his bond.

[1] Assuming that the alleged adjudication and appointment are sufficiently established by this certificate, the petitioner may, as provided by section 11c of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426])—

"with the approval of the court, be permitted to prosecute * * * any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him."

The court whose approval this section requires is the court who appointed the trustee. Woodman, Trustees in Bankruptcy, § 74 (b) p. 98. The petition does not show that this approval has been obtained.

Assuming it to have been obtained, this court may no doubt permit the petitioner to intervene in the bankrupt's place. It is now expressly

authorized, under the amendment of 1910 (Act June 25, 1910, c. 412, §§ 1, 2, 36 Stat. 838, 839 [U. S. Comp. St. Supp. 1911, p. 1491]), now forming clause 20 of section 2 of the Bankruptcy Act, to exercise ancillary jurisdiction here in aid of his administration. But, if it does so, he will be none the less a nonresident within this jurisdiction. He will take up the case in the same situation which existed at the time of his intervention; that is, in No. 353, with a motion pending to order a nonresident libelant to secure the claimant's costs in case the libel is dismissed, and in No. 354, under the obligation to give security as provided by rule 53.

The bankrupts have never made any application to the court under Act July 20, 1892, c. 209, 27 Stat. 252 (U. S. Comp. St. 1901, p. 706). Four months after they filed their libel they became bankrupt, and nothing has since been done in either case, except the filing of the present petition. The trustee, if allowed to intervene, will incur no liability for costs accrued before his intervention, nor will he become personally liable for any costs whatever, so long as his acts are in good faith. Norton v. Switzer, 93 U. S. 355, 366, 23 L. Ed. 903. His petition alleges that, apart from the cause of action set forth in No. 353, the estate in his hands is only $118.50, and that this sum will be insufficient to meet the expenses of the administration. Practically, therefore, he stands as would a libelant permitted to sue in forma pauperis under the act of 1892.

[2] Whether to let him intervene on these terms or not is conceded to be a question for the court's discretion. Many considerations for and against such an exercise of discretion are discussed in Re Barrett (D. C.) 132 Fed. 362, where a bankruptcy receiver was allowed to sue in equity, without the usual security for costs, in the court which had appointed him. In Osborne v. Pa. R. R. (C. C.) 159 Fed. 301, the court declined to set aside its standing rule requiring security from a nonresident plaintiff in favor of a bankruptcy trustee appointed in another jurisdiction. This court has no express rule, though its practice is to require security from a nonresident, if the defendant requests it. It appears that a nonresident bankruptcy trustee has been allowed to sue in admiralty in the Maine district without furnishing security. Under all the circumstances, I think I am justified in granting the application to intervene without security in No. 353; and the considerations which lead me to take this course I also regard as sufficient to justify me in exercising the discretion expressly reserved by rule 53, so far as to permit the petitioner to defend case No. 354 without furnishing the security called for by the rule.

In reaching this result, no weight has been given to the allegation by the petitioner that the claim made in the cross-libel is without foundation. His information and belief are insufficient to support such an allegation regarding a claim which, if the case proceeds, the court must hear and determine on its merits.

Whether the petitioner ought to be, or may properly be, required to obtain an ancillary appointment in this jurisdiction, is reserved for consideration hereafter, should occasion require.