## Kerrick v. West, et al.

(Decided December 11, 1925.)

### Appeal from Hardin Circuit Court.

Mortgages—Holder of Mortgage Recorded Before Suit and Attachment had Equal Rights with Plaintiff to Proceeds of Sale of Attached Property.—Surety on note to bank, on payment of note, took assignment of it and sued maker and issued attachment one day after surety on prior note of same maker to same bank recorded a mortgage from maker. Thereafter the bank and prior surety were made parties to the action. Held, that under Ky. Stats., section 496, as amended in 1916 (Acts 1916, c. 41), the claims of the parties to proceeds of the sale of the attached property were of equal dignity as, regardless of priorities before mortgage was recorded, the statute had effect of putting a stop to acquisition of rights thereafter.

HAYNES CARTER for appellant.

G. K. HOLBERT for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On March 13, 1920, Jesse West borrowed of the appellee, First Hardin National Bank, the sum of $965.00 for which he gave the bank his note. The appellee, R. E. Settle, was surety on this note and to protect him against loss West executed and delivered to him a mortgage on a house and lot he owned in Elizabethtown. This mortgage was never recorded. The note was renewed from time to time, small reductions being made on the principal. The last renewal was on March 12, 1923, when the principal amounted to $875.00.

On April 6, 1922, West borrowed the further sum of $225.00 from the bank and appellant, John W. Kerrick, was his surety on this note. The note fell due on October 6, 1922, and was not paid. On December 8, 1922, Kerrick paid the bank the amount of the note and interest and took an assignment of it.

In the meantime, Settle had lost the mortgage given him by West on March 23, 1920, and so on November 11, 1922, West executed another mortgage to Settle which recited that it was in lieu of the mortgage which had been lost; was given to secure Settle against loss on the note; and was also given to secure the indebtedness evidenced by that note.

This mortgage was not recorded until March 26, 1923. On March 27, 1923, without any previous knowledge of Settle's mortgage beyond such notice as the recording of it on the previous day carried, Kerrick filed suit against West on the note he had paid the bank for West and sued out an attachment which was levied on the house and lot covered by Settle's mortgage. Later learning of Settle's claim and also a claim of the bank that it had a lien on this house and lot by virtue of Settle's mortgage to secure the payment of West's note on which Settle was surety, Kerrick filed an amended petition making Settle and the bank parties defendant, and calling upon them to set up any claim they had to the house and lot in question. This they did. The house and lot were ordered sold, and the proceeds not being sufficient to pay both notes, the question arose as to priorities between Kerrick on the one hand and Settle and the bank on the other in these proceeds. The lower court adjudged that Settle and the bank came first. From that judgment, appellant has asked this court to grant him an appeal.

It is but fair to say that this case was disposed of in the lower court and briefed in this court prior to the publication of the opinions of this court in Mason and Moody v. Scruggs, 207 Ky. 66, 268 S. W. 833, and Larimore v. Perkinson, 208 Ky. 382, 271 S. W. 69, which cases settled the uncertainty created by the amendment of 1916 to section 496 of the statutes. In those cases we held that an unrecorded mortgage is not good as against antecedent creditors, who, at some time prior to the recording of the mortgage or deed of trust, have secured some equity in the property, nor good against creditors who become such

subsequent to the making of such mortgage and prior to its recording. The appellant falls in the latter class and so as against his claim, appellees' mortgage gives them no priority in the land.

At the time, though, that appellant sued out and levied his attachment, appellees' mortgage was of record. While the putting of it to record could not give appellees a priority over appellant's general claim or affect his status as it then existed, it did have the effect of putting a stop to any further acquisition of rights beyond what then existed. This was the evident purpose of the section in question—to require that mortgages and liens be promptly put to record and to penalize their holders so long as they remained pocket liens. But once put to record, they should, from that time on, be good, and while they could not upset rights as then existing, their recording should put a stop to the further acquisition of rights as against them. Hence appellant by his attachment, which was sued out and levied after appellees' mortgage had gone to record, gained by it no priority over appellees. It results, then, that appellant's claim and that of appellees were of equal dignity and should have shared *pari passu* in the proceeds of the property in question. Appellant's motion for an appeal is therefore sustained; the appeal is granted and the judgment of the lower court is reversed, with instructions to enter a judgment in conformity to this opinion.