## Papas v. Morgan.

(Decided May 6, 1927.)

### Appeal from Perry Circuit Court.

Landlord and Tenant.—In forcible detainer proceeding brought by landlord against tenant, evidence held to show tenant entered under oral contract to pay increased rental, and not under former tenant's lease providing for a lesser rental.

WILSON & WILSON and NAPIER & HELM for appellant.

W. A. STANFILL, H. C. FAULKNER, SR., and W. S. FAULKNER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

On the 1st of March, 1918, appellee leased to one Christ Davis, for a term of 5 years, with the privilege of an additional 5 years, a storehouse in Hazard, at $50.00 per month rent, "provided, of course, the said Christ Davis shall pay as much rent for the same as is offered by any other person for said property." Thereafter, and within the first 5 years, conditions were such that Morgan insisted upon, and the parties finally agreed upon, an increased rental of $75.00 per month, which was thereafter paid by Davis.

Within the 5 years appellant, Papas, contemplated either buying out Davis altogether, or buying an interest in the business, but was not satisfied with the uncertain provision as to the amount of the rental and preferred that it should be fixed at a given sum, which could not be increased by Morgan, during the term. Accordingly, Papas sent a friend to Morgan, who was sick at his home, to tell him that he wanted to buy out Davis and wanted to rent the house from Morgan. A few days later Papas went to see Morgan, and they agreed orally for the rent of the building at $80.00 per month, with the understanding that a writing should thereafter be prepared, as Morgan was then sick. According to the evidence of the

plaintiff's witness, Papas did buy Davis out and took possession of the property under the oral agreement with Morgan.

Thereafter when Morgan recovered, the agreement between him and Papas was reduced to writing and signed by Morgan, but when it was presented to Papas he declined to sign it because it denied him the right to assign his lease, but objected to no other provision in the contract as prepared.

Thereafter Papas conceived the idea that he could hold under the lease of Davis, and would until the expiration of the first 5 years only have to pay $50.00 per month rent, although he had entered into the oral rental contract himself with Morgan, and agreed to pay the $80.00 per month rent and keep the house in repair. He then not only refused to sign the contract with Morgan, but tendered him each month $50.00 per month rent under the terms, as construed by him, of the Davis lease, which amounts Morgan declined to receive.

Morgan instituted this forcible detainer proceeding, which was first tried in the Hazard police court where Papas was found guilty. He executed his traverse bond and took it to the circuit court where he again was found guilty, and from which judgment he now appeals.

There was really but one issue in the case, and that was whether Papas took possession under his oral contract with Morgan, or whether he took possession under his purchase from Davis, claiming and holding possession under Davis' lease.

These two issues were clearly and explicitly submitted to the jury in the two instructions, and the jury was told if they believed he took possession of and held the building under his contract with Morgan then they should find him guilty, but that, if he entered without any contract with Morgan and was there under Davis, then they should find him not guilty.

The evidence of Morgan, of the doctor that Papas procured as his emissary to see Morgan while he was sick, and the attorney who drew the written contract for Morgan and Papas after Morgan recovered convincingly shows there was a verbal contract between Morgan and Papas, made while Morgan was sick, and that Papas entered under the terms of that oral contract with the understanding it should thereafter be reduced to writing.

There is some conflict in the evidence as to whether Papas bought out Davis' whole interest in the business,

or merely bought half of it, whereby he became the partner of Davis, but we regard this as immaterial, for all the facts and circumstances indicate either that Papas bought the whole business, or that Davis sold him an interest and turned over the management of the business to him.    This view is emphasized by the fact that after Papas went in and took charge of the business he signed checks in the name of "James Papas, Prop.," indicating that he was the sole proprietor.

Judgment affirmed.