# Morgan's Trustee v. Morgan et al.

(Decided January 20, 1931.)

LEWIS E. HARVIE for appellant.

W. A. STANFILL, WOOTTON & WOOTON, and WILSON & WILSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Jimmie Papas was in possession of a store building belonging to Jesse Morgan, and located in the city of Hazard. Morgan instituted a forcible detainer proceeding in the Hazard police court, and Papas was found guilty. Papas executed a traverse bond, with Christ Davis and W. O. Davis as sureties, and appealed to the Perry circuit court. On trial there Papas was again found guilty, and on appeal to this court the judgment was affirmed. Papas v. Morgan, 219 Ky. 662, 294 S. W. 164.

Thereafter Morgan, alleging that Papas had retained possession of the property for a period of nine months, that the agreed rental was the sum of $80 per month, and that he was entitled to recover double amount

of rent, or at the rate of $160 per month for nine months, amounting in all to $1,440, brought this suit against Papas, and the sureties on his bond, to recover that amount.

On January 9, 1929, and during the pendency of the action, Morgan was adjudicated a bankrupt by order of the United States District Court for the Eastern District of Kentucky. At the first meeting of his creditors on January 29, 1929, W. W. Reeves was duly elected trustee, and thereupon accepted the trust, executed bond, and duly qualified as such. A few months later the trustee filed his intervening petition setting forth the bankruptcy, his appointment and qualification as trustee, and asked that he be substituted for the original plaintiff, and that the case be prosecuted under its old style, but that any recovery should go to him as trustee. A demurrer interposed by Morgan was sustained, and the intervening petition was dismissed. The trustee appeals.

It seems that the demurrer was sustained on the ground that the property of the bankrupt did not pass to the trustee. By section 70a(5), (6), of the Bankruptcy Act, 11 USCA sec. 110(a), (5), (6), the trustee, upon his appointment and qualification, is vested by operation of law with the title of the bankrupt, except as to exempt property, to all (5) property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him; and (6) rights of action arising upon contracts, or from the unlawful taking or detention of, or injury to, his property. Here it seems to be conceded that the claim is for rents which had accrued prior to the bankruptcy, and which were secured by the traverse bond. Taking this view of the matter there can be no doubt that the claim is one that the bankrupt could have transferred, section 474, Kentucky Statutes; Forepaugh v. Appold, 17 B. Mon. 626; Gray v. Briscoe, 6 Bush, 687; Newby v. Hill, 2 Metc. 530; and for this reason it is the rule that rents due and accrued for premises owned by the bankrupt pass to the trustee. Black on Bankruptcy, Fourth Edition, sec. 783, p. 949; Brock v. Weiss, 44 N. J. Law, 241. But, if we take the view that the claim is on a traverse bond to recover damages for withholding property, it would seem to be, not only a right of action arising upon a contract, but a right of action arising from the unlawful taking or detention of the bankrupt's property, and therefore covered by sub-

section 6 of section 70 of the Bankruptcy Act. We therefore conclude that the property and right of action passed to the trustee, and that the intervening petition was not demurrable on the ground that they had not so passed.

But the point is made that the intervening petition was demurrable on the ground that it did not allege that the trustee had obtained leave of the bankruptcy court to prosecute the suit theretofore commenced by the bankrupt. When and in what circumstances it is necessary to obtain such leave, and when the failure to obtain such leave will be fatal to the trustee's right to proceed in the action, we deem it unnecessary to determine. We need go no further than to say that absence of leave would affect only the trustee's legal capacity to sue, and that is an objection that must be made by special demurrer, and not by general demurrer, which operates as a waiver of the objection. Louisville & N. R. Co. v. Herndon, 126 Ky. 589, 104 S. W. 732, 31 Ky. Law Rep. 1059; Ebner v. Official Board of Methodist Episcopal Church of Pineville, 214 Ky. 70, 282 S. W. 785.

It follows that the demurrer to the intervening petition of the trustee should have been overruled.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.