## Vandiver et al. v. R. B. Wilson & Company.

(Decided November 10, 1931.)

34

R. W. KEENON and WM. SANDIFER, JR., for appellants.

MORRIS & JONES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Motion to dismiss appeal overruled.

In this action the appellee sued the appellant Vandiver on certain promissory notes. This appellant by his answer undertook to set up a counterclaim and set-off for breach of warranty of a machine sold him by the appellee. The answer was several times amended. A demurrer being sustained to it as finally amended, Vandiver declined to plead further and his counterclaim and set-off were dismissed.

Shortly after the time of the entry of the judgment in the lower court dismissing Vandiver's counterclaim and set-off, he was declared a bankrupt by the Federal District Court for the Eastern District of Kentucky. An appeal in the case now before us was then prosecuted in the name of Vandiver and his trustee in bankruptcy. The appellee moved to dismiss the appeal because the record failed to show at the time appellee made such motion that the trustee had secured the consent of the federal court in which the bankruptcy proceeding was pending to prosecute this appeal. By their response, the appellants file herein an order of the Honorable Nelson D. Rodes, referee in bankruptcy, and before whom the bankruptcy proceedings of the appellants are pending, authorizing and directing the trustee to prosecute the present appeal. The appellee insists on its motion that this appeal be dismissed because it says that the consent and direction of the referee in bankruptcy is not enough and that the consent and direction to prosecute this appeal must be obtained from the judge of the Federal District Court. Subsection c, of section 29, of title 11 of the United States Code [11 USCA sec. 29(c)], provides:

"A trustee may, with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it has been commenced by him."

Subsection 7 of section 1 of the same title, 11 USCA. sec. 1 (7), provides:

" 'Court' shall mean the court of bankruptcy in which the proceedings are pending, and may include the referee."

In the case of The Alert (D. C.) 199 F. 542, it was held that the word "court" in subsection c, of section 29, means the court which appoints the trustee. By section 11 of title 11 of the United States Code (11 USCA sec. 11), courts of bankruptcy as defined in that section appoint the trustee on the recommendation of creditors and when they fail to make a recommendation. By section 66 of the same title (11 USCA sec. 66) referees have like power. It is ordinarily the referee who appoints the trustee where there is no recommendation of the creditors. Therefore it would seem to follow that the court whose approval the trustee must secure means the referee in bankruptcy. This is the view of Remington on Bankruptcy, for in section 2122, discussing this matter, we find:

"An order signifying the Court's approval should as a prerequisite be entered by the referee authorizing or directing the trustee to prosecute the suit."

This is a sensible view to take of the statute, because it is the referee who is acquainted with the condition of the estate which is being administered by the trustee and is best acquainted with the elements of the problem as to whether or not the trustee should continue to prosecute any suit which has been commenced by the bankrupt prior to his adjudication. The judge of the Federal District Court would know but little about this, and it is a detail of administration which obviously and properly has been confided to the referee.

As, in the instant case, the referee has given his consent and entered his order directing the prosecution of this appeal, which order has been filed in this case, the motion to dismiss the appeal will have to be, and it is hereby, overruled.