# Eastern Construction Company et al. v. Carson Construction Company's Trustee.

(Decided March 1, 1932.)

B. M. LEE for appellant.

C. B. SPICER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The Carson Construction Company was a corporation. On August 25, 1923, it was indebted to the Harlan

National Bank in the sum of $5,720 evidenced by note. To secure its payment the Carson Construction Company executed and delivered a mortgage to the Harlan National Bank on one Erie steam shovel No. 2115. The mortgage was recorded in the clerk's office of Harlan county. The $5,720 note was afterwards reduced and the balance made into two notes, one for $3,586 and the other for $1,500. Both were secured by a mortgage on the steam shovel. The $1,500 note was indorsed by E. M. Howard and W. C. Bowling. Prior to the arrangement by which the two notes were executed and delivered to, and accepted by, the Harlan National Bank, the Harlan National Bank, not desiring to carry its indebtedness with its security against the Carson Construction Company, on account of its failure to promptly care for the note and provide for its payment, accepted from the Carson Construction Company a power of attorney authorizing it to sell the steam shovel and to apply its proceeds to the payment of its note against it.

J. R. Carson, Sr., owned practically all the stock of the Carson Construction Company, and he assumed and exercised absolute control of its property, including the steam shovel. The Eastern Construction Company was a corporation. Its stock was owned mostly by E. M. Howard and W. C. Bowling. They assumed and exercised entire control over the property of the Eastern Construction Company. Both the Carson Construction Company and the Eastern Construction Company were engaged in the business of constructing state roads.

About July, 1926, J. R. Carson, Sr., E. M. Howard, and W. C. Bowling entered into an arrangement among themselves whereby they agreed to put in a bid with the state highway commission for the construction of certain state roads. They obtained thereby a contract to construct a road in Knott and Letcher counties. They agreed among themselves to utilize the machinery and equipments owned by the Carson Construction Company and by the Eastern Construction Company in the execution of their contract with the state highway commission, and to divide the profits derived, one-third to J. R. Carson, Sr., and two-thirds to Howard and Bowling. At the time this arrangement was made by them, the Harlan National Bank had possession of the Erie steam shovel No. 2115, owned by the Carson Construction Company, by virtue of the power of attorney of the Carson Construction Company to it.

On July 11, 1927, the Carson Construction Company executed and delivered to L. S. Siler a second mortgage on its steam shovel to secure him in the payment of money loaned to the Carson Construction Company amounting to $5,912.50. His mortgage was recorded in the Letcher county clerk's office. On July 28, 1926, J. R. Carson, Sr., E. M. Howard, and W. C. Bowling, desiring to remove to, and use in, either, or both, Knott and Letcher county, the Erie steam shovel which was then in the possession of the Harlan National Bank by virtue of the power of attorney of the Carson Construction Company to it, in order to induce the Harlan National Bank to permit them to remove to, and use the steam shovel in, those counties, the Eastern Construction Company, by E. M. Howard, president, the Carson Construction Company, by J. R. Carson, Sr., president, and E. M. Howard, W. C. Bowling and, J. R. Carson, Sr., executed and delivered to the Harlan National Bank a writing, whereby they agreed to pay to it, as a consideration for the use of the Erie steam shovel, the sum of $300 per month, the $300 to be paid by them each and every month, beginning August 10, 1926, during the time of their use and possession of the Erie shovel. They further agreed to pay all cost of repairs or parts to keep it in good repair, and to deliver it back to the Harlan Bank at their expense. Per the terms of this contract, Howard, Bowling, and Carson immediately took possession of the Erie steam shovel and used it in road construction for a period of time, or until their road construction was completed. The Carson Construction Company went into bankruptcy. J. R. Carson, Jr., was appointed its trustee in bankruptcy. The steam shovel was sold by the bankrupt court, purchased by the Harlan National Bank at the price of its indebtedness, not including the $1,500 note on which Bowling and Howard were indorsers, and was by the court applied to the payment of its debt against the Carson Construction Company. This action was instituted by the trustee in bankruptcy against Howard and Bowling to recover the rent which accrued on the contract herein stated.

Issues were formed by appropriate pleadings, and on a submission of the case it was decreed that Howard and Bowling account to the trustee for rent of $300 the month for the entire time the Erie shovel was used by the partnership of Carson, Howard, and Bowling, less

the $1,500 note on which they were indorsers. The appelants appeal.

The trustee was authorized to institute and prosecute the action. Rice v. Kelly, 226 Ky. 347, 10 S. W. (2d) 1112; Morgan's Trustee v. Morgan et al., 237 Ky. 69, 34 S. W. (2d) 945. He represents the creditors of the bankrupt, and as such it was his duty to assemble and administer the assets of the bankrupt. Vandiver v. Wilson & Co., 241 Ky. 33, 43 S. W. (2d) 329; Rice v. Kelly, supra, and cases cited. Ray's Trustee v. Ray's Assignee, 237 Ky. 789, 36 S. W. (2d) 624, and cases cited.

The Bankruptcy Act, sec. 70a (5), USCA, sec. 110 (a) (5), vests the trustee with the bankrupt's title to all nonexempt property which he could have transferred before the filing of the petition in bankruptcy. Morgan's Trustee v. Morgan, supra. Section 70a (6), of the act 11 USCA, sec. 110 (a) (6), vests the trustee with the bankrupt's right of action arising on a contract for rent or for the taking or detention of the property of the bankrupt. A right of action for rents, whether secured or unsecured, for the use of real or personal property before bankruptcy, vests in the trustee. Black on Bankruptcy (4th Ed.), sec. 783, page 196. Morgan's Trustee v. Morgan, supra. A mortgagee by either a provision in his mortgage, or by supplemental contract, may secure his debt by rent accruing for the use of the property embraced in his mortgage. Newport & Cincinnati Bridge Co. v. Douglass, 12 Bush 673; Douglass v. Cline, 12 Bush 608; Woolley v. Holt, 14 Bush 788; Guill's Adm'r v. Corinth Deposit Bank, 68 S. W. 870, 24 Ky. Law Rep. 482; Handman v. Volk, 99 S. W. 660, 30 Ky. Law Rep. 818. The holder of such lien on the mortgaged property and its accruing rents is entitled to enforce his lien on both the property and the rents to satisfy his debt. Handman v. Volk, supra.

At the time the Harlan National Bank received and appropriated to the payment of its debt the proceeds of the property covered by its mortgage against the Carson Construction Company, it also had a lien on the monthly rental, by virtue of its contract with the Carson Construction Company and Bowling and Howard and Carson, with a right to subject the rent of $300 per month to the payment of its debt against the Carson Construction Company.

Dr. Siler at the same time had a mortgage to secure his debt on the Erie steam shovel. It cannot be doubted that the contract with the Harlan Bank & Trust Company and the Carson Construction Company and Howard, Bowling, and Carson, Sr., was an asset of the corporation which the Harlan Bank & Trust Company was entitled to have applied to the payment of its debt at the moment it applied the proceeds of the mortgaged property to its payment. Dr. Siler's mortgage created a second lien on the mortgaged property.

It is an ancient rule of equity that, where a creditor has a lien on, or a right to, two funds in the hands of the same debtor, and another creditor at the same time has a lien on one of them, the latter is entitled to have the application of the fund, or property, on which he has no lien subjected first to the debt of the former, and equity will compel the former to make his debt out of that fund to which the latter cannot resort. Swigert v. Bank of Kentucky, 17 B. Mon. 268; First National Bank v. Schussler, 2 S. W. 145, 8 Ky. Law Rep. 516; Schupp & Schmitt & Bensinger v. Thomasson's Ex'r, 9 Ky. Law Rep. 360; Bank of Kentucky v. Vance's Adm'rs, 4 Litt. 168; Hughes v. Shannon & Low, 13 Ky. Law Rep. 782; Miles v. National Bank, 140 Ky. 376, 131 S. W. 26; Hite v. Reynolds, 163 Ky. 502, 173 S. W. 1108, Ann. Cas. 1917B, 619; Bronaugh v. Burley Tobacco Co., 212 Ky. 680, 280 S. W. 97; Wender Blue Gem Coal Co. v. Louisville Property Co., 137 Ky. 339, 125 S. W. 732.

The appellants were obligors on the rent contract and as such were bound and liable for the amount of the rent due to the Harlan National Bank at the time it appropriated the proceeds of the mortgaged property to the payment of its debt against the Carson Construction Company; therefore, even if unpaid claims existed between them and J. R. Carson, Sr., the claims cannot relieve them of their liability on the contract.

The charge of the appellants that the mortgage of Dr. Siler was not recorded in the county of the residence of the Carson Construction Company, even if correct, affords them no defense against their liability for the rent which they agreed to pay by the terms of the rent contract. Whether recorded or unrecorded, his mortgage was valid and enforceable as between him and the Carson Construction Company and as against all creditors and purchasers with notice. Wicks v. McConnell,

102 Ky. 434, 43 S. W. 205, 20 Ky. Law Rep. 84; Cox v. Guaranty Bank & Trust Co., 199 Ky. 115, 250 S. W. 804; Kerrick v. West, 211 Ky. 807, 278 S. W. 128.

Wherefore the judgment is affirmed.