## Arnett v. Stewart et al.

(Decided Dec. 11, 1936.)

E. N. INGRAM for appellant.

W. J. STONE and M. G. COLSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

In the year 1916, John C. Stewart, Sr., purchased a tract of land in Bell county from T. J. Asher and wife, and he and his family, consisting of his wife and several children, moved on the land. Thereafter he conveyed certain interests in the land to his wife, Mary Stewart, and their children. On May 1, 1926, the then owners of the land conveyed it to their mother, Mary Stewart. The title stood in the name of Mary Stewart until August 30, 1929, when by separate deeds she conveyed to Lewis Stewart, John C. Stewart, Jr., and Willie Stewart each a one-third interest in the land by deeds which the grantees failed to put to record.

On February 20, 1932, Mary Stewart the grantee, together with Nancy Stewart and others, executed a promissory note to N. T. Arnett, payable four months from date. The note not having been paid, Arnett brought this action against the makers and the heirs of Mary Stewart to recover on the note and subject to its payment the land which she had conveyed to Lewis Stewart, John C. Stewart, Jr., and Willie Stewart. The grantees claimed title by virtue of their deeds. Arnett claimed that the deeds not having been put to record were void as to him under section 496, Kentucky Statutes. The grantees contended that their possession of the land was such as to put Arnett on inquiry as to the character of their possession. The court so ruled and declined to subject the land to the payment of the note. Arnett appeals.

It is true that an unrecorded deed is not valid against a purchaser for a valuable consideration without notice thereof, or against creditors until acknowledged or proved according to law and lodged for record, section 496, Kentucky Statutes, and that the word "creditors" means subsequent creditors, secured or unsecured, and such antecedent creditors, who, at some time prior to the recording of the deed, have secured some equity in the property. Mason & Moody v. Scruggs, 207 Ky. 66, 268 S. W. 833. Therefore, the only question for determination is, whether the possession of the grantees in the unrecorded deeds was sufficient to put Arnett, a subsequent creditor, on inquiry and charge him with notice of their title. The precise question was before the court in Powell's Trustee in Bankruptcy v. Powell, 232 Ky. 27, 22 S. W. (2d) 293, where the court ruled that the actual, open, and unequivocal possession

of land by son to whom the father conveyed it by deed, which was never recorded, but was destroyed by father after its delivery to him by son with direction to record it, was notice under Kentucky Statutes, sec. 496, of whatever title the son claimed. The doctrine was reannounced in the more recent case of Gilbert v. Watts, Ritter & Co., 249 Ky. 27, 60 S. W. (2d) 142, where we held that possession of a lot by the grantee under an unrecorded title bond was notice to a subsequent judgment creditor claiming under execution sale of grantee's rights. While it is probable that for many years the land in controversy was occupied by John C. Stewart and his wife, Mary, and their children, the evidence discloses that, since the execution of the deeds from Mary Stewart to Lewis Stewart, John C. Stewart, Jr., and Willie Stewart, they have been in the possession of the land, and that their mother, Mary, the grantor, at the time of the execution of the note, was living in Pineville. In the circumstances the possession of the grantees was open and unequivocal, and such as to put appellant on notice.

Judgment affirmed.