## Smith, Sheriff, et al. v. Holland et al.

Nov. 17, 1944.

H. H. Lovett for appellants.

Richard R. Bryan and Holland G. Bryan for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—Reversing.

In the year 1928 H. M. Holland and wife, Permelia Holland, conveyed to their son, M. H. Holland, one of the appellees, a certain 30-acre tract of land in Marshall county on which they made their home, subject to a life estate they reserved to themselves therein. Also in the year 1929 they further conveyed to the same grantee a 210-acre tract of farm land in Marshall county. Some years after these conveyances were made to M. H. Holland, he married Agatha Holland, to whom he conveyed an undivided one-half interest in the 210-acre tract for a consideration paid therefor of $1,200.

On May 7, 1941, H. M. Holland and his wife, Permelia Holland, filed suit in the Marshall circuit court against M. H. Holland and his wife, Agatha, seeking to have set aside these two conveyances made him on the ground alleged, that the grantee had never paid them the purchase price or consideration promised therefor. During the course of this litigation, the plaintiff, H. M. Holland, having died, his grandson, Woodrow Holland, was as administrator of his estate substituted as plaintiff in the action for him.

On trial of the cause, the chancellor, being of the opinion that the two conveyances made to the son, as well as that made by the son to his wife were valid, on March 30, 1943, rendered judgment refusing to set them aside but did further adjudge that the defendant, M. H. Holland, was indebted to his plaintiff grantors in the sum of $1,200, as representing an unpaid balance owing on a note of $2,500, which it was adjudged was given by the grantee, M. H. Holland, to his parents for the purchase price of the 210 acre tract conveyed him and did accordingly adjudge plaintiffs a lien against Holland's one-half interest in same to secure the $1,200 judgment debt, interest and costs rendered against him, awarded an execution on this judgment and entered an order directing the master commissioner to make sale of the property for satisfaction of the lien debt adjudged against it.

It is shown by the evidence that the defendants were present in court on the day this judgment was rendered and having heard and been thus advised as to the terms of the judgment, they, on the following day, consulted an attorney as to whether or not M. H. Holland could legally sell and convey to his wife, Agatha, his remainder interest in the 30-acre tract his parents had conveyed him in 1928, subject to their reservation of a life estate therein, and also his one-half interest in a one-acre lot and house at the prices of $1,000 and $500 respectively, as she and her husband had agreed between themselves to make such sale of his interest in the two tracts at the prices stated. Counsel advised them they could legally carry out their agreement and at their request he at once drew up the deed, which was then and there duly signed, acknowledged and delivered by M. H. Holland to his wife, who thereupon drew and gave her husband her check for the said amount of $1,500 in payment for his interest in the two tracts. It is to be noted that this deed, executed and delivered to the wife on March 31, 1943, was seemingly kept secret or never lodged for record by her until June 21, 1943, some twelve weeks thereafter, and also that the check given her husband therefor on March 31 was not presented to the bank for payment nor paid until May 10, 1943, some six weeks after his receipt of it.

It appears admitted by the wife that at the time she purchased and was conveyed her husband's interest in these two tracts, she knew he was thereby stripping himself of all his property subject to execution and it clearly appears from the attending circumstances under which this conveyance was made that it was made with the intent and purpose to put all his property beyond the reach of his creditors, including his plaintiff grantors. M. H. Holland also testified as to the circumstances attending his making of this conveyance of his property and when asked why he sold it to his wife, he answered that he was at the time very badly in debt, his creditors were "pushing him" and that he was in the hospital and had other obligations he had to meet.

On April 29, 1943, before the commissioner's sale of M. H. Holland's one-half interest in the 210-acre tract, as directed made by the judgment rendered on March 30, 1943, the plaintiff administrator of H. M. Holland's estate filed an affidavit in the Marshall circuit

court clerk's office, setting out that the defendant Holland's interest in that property was insufficient to pay the debt and that he had no other property subject to execution known to him except the 30 acres of land in which his mother had reserved a life estate. On the same day an execution was issued on said judgment and placed in the hands of the sheriff, which he levied on Holland's remainder interest in the 30 acre tract on May 8, 1943, he being the then owner of record title thereto (his wife not having recorded her deed) and at the same time a lis pendens notice was filed in the county court clerk's office.

On June 7, 1943, M. H. Holland's one-half interest in the 210-acre tract adjudged in lien for payment of the $1,200 balance owing on its purchase price was, as directed by the judgment, exposed to sale by the commissioner, when it was bid in by M. H. Holland's wife, Agatha, at the price of $775 which was then credited by the sheriff upon the execution. On June 15 the sheriff advertised the sale of the defendant M. H. Holland's remainder interest in the 30 acre tract, upon which execution was levied on May 8, 1943, as his property, he being, as stated, then its record owner, on July 5 for the satisfaction of the execution debt. Thereupon M. H. and Agatha Holland, the defendants, on July 2, 1943, three days before the advertised date of the execution sale, filed their suit in equity seeking to enjoin the sale of the 30 acres of land and alleging that Agatha Holland was the then owner of the remainder interest in the 30 acre tract as shown by the deed previously executed her by her husband on March 31, 1943, and with their petition filed a copy of the deed, bearing date of March 31, 1943, which showed on its face that it was not lodged for record until June 21, 1943, some six weeks after the execution was levied on the land by the sheriff on May 8, 1943. The court on the filing of the petition on July 2, 1943, granted a temporary injunction, as prayed for, enjoining the sheriff from selling M. H. Holland's remainder interest in this 30-acre tract, conditioned upon plaintiffs' executing a bond in the amount of $1,200. Plaintiffs having failed to execute the bond required, the sheriff proceeded with the sale of the property on the date advertised, when W. Brien Holland, one of the appellants, became its purchaser at the price of $900.

Defendants filed answer denying that Agatha Holland was the legal owner of her husband's remainder

interest in the 30-acre tract or of his undivided one-half interest in the one acre tract conveyed her in the same deed, and that the issuance of said execution and the levy thereof were illegal and void and that the sale of said property was void. They pleaded in abatement of the action that the temporary restraining order granted Agatha and M. H. Holland was conditioned on their execution of a bond as required by law and that the plaintiffs having failed and refused to execute said bond, the sale of the 30-acre tract to J. Brien Holland had become a moot question. They further alleged that the attempted conveyance by M. H. Holland to his wife, Agatha, of his interest in the 30-acre and the one-acre tracts was made with the fraudulent intent to hinder and delay defendants in the collection of their judgment debt and that the deed from M. H. Holland to Agatha Holland, having never been recorded until after execution was issued and levied on the land conveyed, was fraudulent and void and of no effect and was a fraud upon the rights of the defendants, Permelia Holland and Woodrow Holland as administrator of the estate of H. M. Holland, deceased.

At this stage the proceedings were voluntarily brought to a halt for the appointment of a special judge to try out the question of enjoining the sale and execution of the deed thereunder.

A special judge having been designated by this court, the case was submitted to him on oral proof, when judgment was rendered October 28, 1943, holding that the transaction in which M. H. Holland conveyed the 30-acre and one-acre tracts of land to his wife was a bona fide transaction supported by sufficient consideration and, as a result of such holding, upheld the husband's deed to Agatha Holland and enjoined any further procedure under the attempted sale by the sheriff.

From that judgment the defendants in this second action have brought this appeal, attacking the transaction had between the husband and wife, whereby he conveyed her his interest in both the 30-acre and one-acre tracts, as fraudulent under both section 1906, KS (378.010, KRS) and section 496, KS (382.270, KRS).

After a careful consideration of the circumstances, as disclosed by the record, attending the making of this conveyance by the husband, we have reached the con-

clusion that both grounds upon which reversal of the judgment is sought are meritorious and should be sustained.

As to the first of these contentions, it is to be noted that as shown by the record the wife and grantee, being intimately familiar with her husband's financial affairs, well knew that the purpose and intent of her husband in conveying his remainder interest in the 30-acre tract and also his half interest in the one-acre tract to her was to divest himself of any property he had subject to execution and by putting his property beyond the reach of his creditors to hinder and delay them in the collection of their debts.

As said in section 8, 24 Am. Jur., page 166, generally "the determination of the character of a conveyance as fraudulent or otherwise involves the consideration of various elements and factors, such as the intention of the parties, the financial condition of the transferrer, the consideration or lack of consideration for the transfer, the relationship of the parties, etc. * * *

"A very general test or criterion as to the character of a conveyance or transfer by a debtor is whether it operates to diminish his assets. The law is based upon the theory that the assets or resources of the debtor constitute a fund out of which the creditors have a right to be paid; and within the purview thereof is any business affair which diverts the debtor's assets from payment of his debts, or which places beyond the reach of creditors property from which their claims might otherwise be satisfied."

Therefore, as said in section 12, page 170, of the same text:

"The issue as to fraudulent intent or knowledge is to be determined in view of the facts and circumstances of the particular case. A conclusion that the transfer was made with fraudulent intention may be arrived at by way of inference or presumption which is derived from the circumstances attending the transaction; and, indeed, the issue as to fraud is commonly determined with a view to the recognized indicia or 'badges' of fraud. (Hundley v. Webb, 3 J. J. Marsh. (Ky.) 643, 20 Am. Dec. 189.) Direct evidence of fraud is not essential. * * * If the conveyance is made under such circumstances that the result must necessarily be to hinder and

delay creditors, it will be presumed that this was the intent of the transferrer in making it."

In Allen v. Ligon, 175 Ky. 767, 194 S. W. 1050, 1052, it is said that "a transfer of all or nearly all of the debtor's property * * *, when he is insolvent and embarrassed financially, is a badge of fraud. 20 Cyc. 449. The farm was all the property Dr. Ligon owned subject to execution, and was the only source from which plaintiff could collect his judgment.

"Applying this rule to the case before us, there can be no question of Dr. Ligon's purpose and intent in making the conveyance, or of Mrs. Ligon's knowledge of her husband's purpose."

This rule is further well stated in the case of E. L. Martin & Co. v. A. B. Maggard & Son, 206 Ky. 558, 267 S. W. 1102, 1104, as follows:

"As to the conveyance of the land to Lewis, made after A. B. Maggard had been sued by the creditors, the rule is that a man is held to intend that which he must know is the necessary consequence of his act. He had then been sued by the creditors. The suits were then pending. By that conveyance he stripped himself of all the property he had subject to execution. The necessary effect of the conveyance was to hinder and delay the creditors, and he must be held to intend the necessary and natural consequences of his act."

Again, in the case of Combs v. Roberts, 237 Ky. 299, 35 S. W. 2d 293, 295, the court, speaking through Judge Dietzman, said:

"In the case of Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454, 175 S. W. 992, we said that, if the circumstances under which the transfer is made are suspicious, the failure of the party to produce available explanatory or rebutting evidence is a badge of fraud. And in the case of McDonough v. McGowan, 165 Ky. 425, 177 S. W. 277, we held that, where badges of fraud are proven, the grantee must establish that the transaction was bona fide. This the appellant has failed to do in this case after the appellee had abundantly proven the badges of fraud and indeed the actual fraud on the part of the grantor, Cordelia Combs. The chancellor found as a matter of fact that this conveyance was a fraudulent one within the inhibition of section 1906 of

the Statutes, and that the appellant was not a bona fide purchaser.''

The appellee, Agatha Holland, can not avoid the conveyance made her being held a fraudulent one on the ground that she paid an adequate consideration to her husband for the land conveyed, where she collaborated with her husband and participated in the fraudulent scheme of putting her husband's property beyond the reach of his creditors, when knowing that such would be the necessary result of his act in making her the conveyance under the circumstances stated, in that the rule in such case is:

''Where it appears that the transfer in question was made for a valuable consideration, the determining factor is *mutual fraudulent intention* on the part of the parties to the transaction; the existence of such an intention is essential to the right to invoke the protection of the statute. * * * The first inquiry, therefore, is as to the intent of the transferrer, and if this is shown to be fraudulent, the first link in the chain necessary to establish the conveyance as fraudulent is complete. It must further appear that the purchaser participated or acquiesced in the seller's fraudulent design; and where this is the case, the transaction falls within the condemnation of the statute, although it may have been made with the bona fide intent to pass the property and although a full and sufficient consideration is shown to have been paid.'' Section 9, 24 Am. Jur., page 167. See also Lowry v. Fisher, 2 Bush 70, 92 Am. Dec. 475; Brown v. Foree, 7 B. Mon. 357, 46 Am. Dec. 519; Beeler's Heirs v. Bullitt's Heirs, 3 A. K. Marsh. 280, 13 Am. Dec. 161.

In view of the facts here shown and admitted, it must needs follow that the fraudulent intent of the husband in conveying his wife his property was well known and participated in by the wife and therefore their transaction clearly came within the inhibition of the statute.

Turning now to the appellants' second contention, that the conveyance made by the husband of his remainder interest in the 30-acre tract and his half interest in the one-acre tract to his wife on March 31 was not lodged for record until June 21, 1943, or some twelve weeks thereafter and some seven weeks after the antecedent judgment creditors had caused an execution to be

issued and levied on the property of M. H. Holland, he being then the holder of the record title to this remainder interest in the 30-acre tract and without knowledge or notice of his unrecorded earlier deed of conveyance of his interest in the property on March 31. It must also be noted that there was no manifest change of possession or occupancy by the wife of the property conveyed her, in that Permelia Holland, who held a life estate in the 30-acre tract, continued to occupy it as her home and to run and manage the same as its apparent owner. It is to be noted too that the indebtedness out of which the judgment in favor of the appellants, Permelia Holland and the administrator of her husband's estate, arose was incurred in 1929, when M. H. Holland was by his parents conveyed a 210-acre tract for the promised consideration of $2,500, upon which he was adjudged to still owe them $1,200 as the unpaid balance thereon.

In the case of Larimore & Perkins v. Perkinson, 208 Ky. 382, 271 S. W. 69, 70, the court said:

"In 1916 * * * the Legislature changed the statute, and amended section 496, Kentucky Statutes, so as to read as follows:

" 'No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law, and lodged for record. The word "creditors" as used herein shall include all creditors irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance.'

"The second paragraph above quoted is the amendment referred to. In Mason (etc.) v. Scruggs, 207 Ky. 66, 268 S. W. 833, the court, after quoting the statute, said:

" 'We have, in this case, presented to us squarely for the first time since its passage the effect to be given to this amendment to the statute. After a careful consideration of the matter, with special reference to the evils sought to be remedied and the evident purpose of the legislature in passing this amendment, we have come to the conclusion that the expression "all creditors" therein means antecedent as well as subsequent credit-

ors, such subsequent creditors whether they be secured or unsecured and such antecedent creditors who at some time prior to the recording of the mortgage * * * secured some equity in the property.'

"By antecedent creditors are meant those whose debts were created before the debtor made the transfer which was not lodged for record. * * * By the act the unrecorded or pocket transfer, in cases where the instrument may be recorded, is made of no effect as to all subsequent creditors, although they have acquired no lien on the property, in order that their debts created when the debtor was the ostensible owner of the property may not be defeated by a secret transfer of which they had no notice. Wicks v. McConnell, 102 Ky. 434, 43 S. W. 205, and Clift v. Williams, 105 Ky. 559, 49 S. W. 328, 51 S. W. 821."

It is a salutary public policy that title held in property should be made a matter of public record.

In the late and well considered case of Davis v. Allen, 280 Ky. 798, 134 S. W. 2d 617, 618, the court, in considering the effect of this 1916 amendment, said: "Since the amendment of 1916 to Section 496, Kentucky Statutes, it is only an antecedent creditor who must, in order to come within the protection of the Statute, acquire a lien on the property prior to the recording of the instrument transferring or encumbering it." See the cases cited therein and also Calloway v. Howard, 247 Ky. 730, 57 S. W. 2d 677; Stone v. Keith, 218 Ky. 11, 290 S. W. 1042; Huff v. Russell, 267 Ky. 515, 102 S. W. 2d 984.

It is to be noted that in this suit filed by H. M. Holland and wife, they recovered against the defendants, M. H. Holland and wife, a judgment in the amount of $1,200, owing as a balance of the purchase money note in the amount of $2,500 given by the son and grantee to his parents for the property conveyed him. Therefore, being under the 1916 amendment to section 496, K. S., antecedent creditors, they were required, in order to come within the protection of the statute as amended, to acquire a lien on the property prior to the recording of the instrument transferring it. This requirement was here met, in that the appellants, upon being adjudged recovery of $1,200 against the defendants as the balance owing on the purchase price of the property conveyed their son, acquired a lien by having execution

issued and levied upon his remainder interest in the 30-acre tract conveyed, upon which a lis pendens notice was upon the same day filed of record. Having thus met the requirement of the statute and come within its protection by acquiring a lien on the property on April 29, 1943, some eleven weeks prior to the appellee Agatha Holland's lodging for record her husband's deed conveying her the property on June 21, 1943, and they having no notice either by recordation of the deed or by change of possession and occupancy of the property conveyed the appellee, Agatha Holland, it follows that the conveyance made by the husband of the property to his wife on March 31, 1943, was void and of no effect under the statute and did not pass or transfer the title in said property described in the deed to his wife.

The judgment is therefore reversed and the cause remanded with the direction that the court render judgment consistent with this opinion.