## Morgan v. Hibbard, Spencer, Bartlett & Co.

Dec. 15, 1944.

Jesse Morgan for appellant.

G. C. Wilson for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part, reversing in part.

On and prior to March 30, 1942, Vina Caldwell, (a defendant below) was engaged in a retail mercantile business in the city of Berea, Kentucky, which she was operating under the name of "Super Market." On that day she executed to appellee, a corporation engaged in the wholesale business in the city of Chicago, four notes in payment of merchandise she had bought from it, each for the sum of $85, the aggregate amount being $340. Soon thereafter the maker of the notes went out of business and moved to Dayton, Ohio.

Prior to the execution of the four notes referred to, Vina Caldwell recovered a judgment in the Hazard Circuit Court against R. B. Feltner, the amount of which not appearing in the record. Execution issued thereon and was levied by the sheriff on a tract of land located in Perry County containing 85 acres owned by Feltner, the defendant in the execution. At the advertised sale by the sheriff under that levy, the appellant, Jesse Morgan, as counsel for his client, Vina Caldwell, the plaintiff in the execution, bid the amount of his client's judgment, interest and cost, which was not two-thirds of the appraised value of the land levied on. The sheriff, therefore, withheld the execution of a deed until after one year from the date of sale within which Feltner, under our statute, might redeem by paying the debt, interest and cost, but which he failed to do.

The appellant, who bid in the land at the sheriff's sale, directed the sheriff to make the deed, after the expiration of the redemption period, to his client, Vina Caldwell, which was done on September 8, 1942, and the deed was later lodged with the Clerk of the Perry County Court for recordation and was recorded by that officer. Exactly two weeks after the execution of the deed, and on September 23, 1942, Vina Caldwell deeded the

tract of land to her counsel, the appellant, Jesse Morgan, for the recited consideration of $600, which was also put to record.

On July 14, 1943, appellee filed this action in the Perry circuit court against Vina Caldwell and her attorney, the appellant, Jesse Morgan, alleging in its petition that the deed from Vina Caldwell to appellant, her attorney, was fraudulent and was made for the purpose of cheating, hindering and delaying her creditors in the collection of their debts and which purpose on her part was known to her attorney, the appellant. It was also alleged that the recited consideration of $600 in that deed was false, since no consideration whatever was paid by the vendee (appellant) and that it was purely voluntary on the part of the vendor therein. Plaintiff therefore sought a cancellation of the deed and that the land be sold and the proceeds applied to the satisfaction of its debt. Appellant was summoned in the action but Vina Caldwell was brought before the court by warning order only. Neither she nor her attorney, the appellant, filed any defensive pleading to appellee's petition, except a general demurrer thereto which the court overruled. Later appellant moved the court to reconsider its order overruling the demurrer to plaintiff's petition as amended, which the court did, and later heard re-argument of that motion and then entered the same order overruling the demurrer.

Before the latter order was acted on by the court the plaintiff served noticed on appellant that on a date named therein (fixing the place and hour) the plaintiff would take depositions, and at the same time had the notary before whom the depositions were to be taken issue a subpoena for appellant which was served on him. He declined to appear at the time fixed in the notice, and another notice was given and appellant was again subpoenaed to appear and testify as if on cross-examination. He declined to do so and announced to plaintiff's attorney that he did not intend to give his deposition. Whereupon counsel for plaintiff appeared in the circuit court where the action was pending and moved it to issue a rule against appellant to show cause why he should not be punished for contempt in refusing to appear and give his deposition as if on cross-examination.

Appellant responded to that rule in which he admitted practically all of the facts stated in the petition,

but sought to be excused from giving his depositions upon these grounds: (1) Because his motion to reconsider the orders of the court overruling his demurrer to the petition had not been acted on by the court at the time set for the taking of the depositions, and (2) that he was the attorney for Vina Caldwell in the litigation resulting in the recovery of a judgment in her favor against Feltner, and likewise her attorney at the time of the sheriff's sale under the execution which issued on the judgment against Feltner, and for which reason he should not be compelled to testify against his client. Plaintiff demurred to the response which the court sustained, to which appellant excepted and announced that he would not plead further. The cause was then submitted, followed by this judgment: "The Court, being advised, is of the opinion that the plaintiff is entitled to the relief sought as against the defendant, Jesse Morgan, and it is therefore adjudged that the deed made from the defendant, V. M. Caldwell (Vina Caldwell) to Jesse Morgan, on the 9th day of September, 1942, (this should have been September 23, 1942) is fraudulent and void as against the creditors of the defendant, Vina Caldwell, and against this plaintiff and it is adjudged that said deed be cancelled, set aside and held for naught and that the property described in said deed be and the same is adjudged to be the property of the defendant, V. M. (Vina) Caldwell. It is adjudged that the defendant, Jesse Morgan, has no interest in or to said property." (Second parenthesis ours).

A description of the tract of land then follows, and appellant prayed and was granted an appeal to this court.

Appellant in briefing the case for this court appears to concede that the court did not err in sustaining the demurrer to his response to the rule issued against him, since that ruling is not argued in the two briefs filed by him in this court. Therefore, that ruling of the court is not here for review, since the cause was submitted and determined by the court exclusively upon the allegations made in the petition and its amendment. Appellant in his brief argues three grounds for reversal, (1) that the allegations of the petition and its amendment brought "the case within the purview and scope of section 378.070, KRS and the case is barred by limitations" since (as he contends) the action provided for in that section must be filed within six months from the time the

attacked deed of conveyance was lodged for record in the county court clerk's office of the county in which the transaction was had, or the property located, and the action in this case was not filed until after the expiration of that period.

Argument (2) is that the exhibit filed with the petition (being the deed from Vina Caldwell to appellant) shows on its face that a valuable consideration was paid for the conveyed land, it must control the averment in the petition that the attacked deed was executed without consideration, since in such circumstances the exhibit prevails when it contradicts the allegations of the pleading.

The third argument of appellant is, that the court erred in adjudging that appellant's deed from Vina Caldwell be "set aside and held for naught and that the property described in said deed be and the same is adjudged to be the property of the defendant, Vina Caldwell," and "that the defendant, Jesse Morgan, has no interest in or to said property". Those arguments will be determined in the order named.

Argument (1) is fallacious, since the six-months' limitation relied on therein is applicable only to the action provided for in section 378.070, supra, which is to have the transfer of the property adjudged to be a preferential one made to prefer a prior creditor over and above other creditors, whilst this action is not one to declare a preference, but is one provided for by section 378.030, of the same statutes, seeking to set aside a fraudulent conveyance made to cheat, hinder and delay creditors of the vendor in the collection of their debts, and which may be maintained under the provisions of 378.010 in all cases of a voluntary conveyance by the vendor without a valuable consideration, and also when there is a valuable consideration if the vendee knew of the intention and purpose of the vendor at the time the conveyance was made. In either event the case is bottomed on the fraud attempted to be perpetrated in order to defeat creditors, and which is not barred until after the expiration of five years from the time the cause of action accrued. See subdivision (12) of section 413.120 of the same statutes. But subsection (3) of section 413.130 of the same statutes prescribes that "the cause of action (for relief against fraud) shall not be deemed to have accrued until the discovery of the fraud or mistake," but

in any event it will become barred after the expiration of ten years from the time the fraud was perpetrated. This action was brought within five years from the time of the execution of the attacked deed to appellant, and under the cited statute the action was not barred. Furthermore, it is questionable as to whether a demurrer would raise the question of limitations, even though appellant was correct in the limitation period he seeks to apply. But since it is not necessary to determine that question we do not attempt to do so.

Argument (2) states the general rule as to the effect of an exhibit forming the basis for relief when it contradicts the allegation of the pleading with which it is filed. But the contradiction has no further effect than to shift the burden of proof as to the contradiction made in the exhibit, but which shifting of the burden does not apply to transfers as between close relatives, or where a transfer or conveyance is made by a client to his attorney, though fair upon its face. In such cases "it is presumptively invalid, and the burden of establishing its fairness is upon the attorney." The excerpt is from the case of Hunt v. Picklesimer, 290 Ky. 573, 162 S. W. 2d 27, 30 and authorities therein cited. No defensive pleading having been made in this case, the burden was therefore upon appellant, to not only deny that the conveyance to him was without consideration, but also to have introduced proof in support of that denial. He did neither, as we have seen, and therefore the conveyance must be viewed in the light of the fact that it was a purely voluntary one. Furthermore, appellee's petition averred that even if there was a valuable consideration paid by appellant to his vendor, yet he knew of her alleged intention and purpose to defraud her creditors, in which event the property conveyed would not pass beyond the reach of creditors to the extent of their debts, and the conveyance should be set aside to the extent that it might be necessary for their payment.

Appellant's argument (3) must be considered as meritorious. The conveyance to him, even though voluntary on the part of the vendor, was effectual to transfer title as between her and him so far as this record discloses. Nevertheless for reasons stated it was subject to be attacked by creditors to the extent of their claims against the vendor. Therefore, plaintiff could subject the conveyed property only to the extent of its debts,

and the surplus, if any, should be adjudged to belong to appellant.

Wherefore, the judgment is affirmed insofar as it sustained plaintiff's right to subject enough of the conveyed property to satisfy its debt, but it is reversed insofar as it adjudged appellant's deed to be totally void, and that he acquired no interest in the land conveyed to him, as between him and his vendor, with directions to amend the judgment in the manner herein pointed out, and for such other proceedings as are not inconsistent with this opinion. Each party will pay one-half of the cost of this appeal.