## PERGREM et al. v. SMITH.

Court of Appeals of Kentucky.

Feb. 13, 1953.

Sanders & Hyden, Pikeville. for appellants.

Kenneth A. Howe, J. A. Runyon, Pikeville, for appellee.

STEWART, Justice.

This appeal seeks to reverse a judgment declaring void and setting aside as fraudulent a sale of a Packard sedan by appellant, Dr. C. B. Pergrem, to appellant, Martha Combs, and sustaining an attach-

ment levied on the sedan by appellee, Scott Smith.

Appellants contend, first, the cause of action is barred because appellee did not institute proceedings to set aside the transfer of the automobile within six months from the date it was consummated; and, second, the evidence was insufficient to sustain the Chancellor's finding that the transfer was fraudulent and void.

The material facts are not in dispute and are briefly as follows: As a result of permanent injuries sustained on January 20, 1949, when he was struck by an automobile driven by Dr. Pergrem, Smith sued the latter for damages on May 23, 1949. An attachment issued from the action which was levied on the sedan on May 25, 1949, and it was taken into custody and stored by the sheriff on that date. On June 28, 1950, a jury was empaneled which returned a verdict by default in favor of Smith for $25,000. A judgment was entered for this sum, the attachment levied on the sedan and the grounds therefor were sustained, Smith was adjudged a first and superior lien on the automobile, and the car was ordered to be sold by the sheriff at public auction. The sedan was sold under the judgment on September 4, 1950, and was bid in by Smith for the sum of $1,300.

On August 7, 1950, Martha Combs filed an intervening petition in which she alleged she was the owner of the sedan because it had been transferred to her by Dr. Pergrem by bill of sale dated January 27, 1949, which she lodged for record on the same day. She asked that the judgment and order of sale be set aside and that the sheriff be restrained from selling the car. The intervening petition was filed with the Pike circuit clerk on rule day, and Smith thereafter and when court was in session filed a motion on September 8, 1950, to strike this pleading because it was tendered after the entry of the judgment and order of sale. The court overruled this motion on September 15, 1950, and granted Martha Combs leave to file her intervening petition nunc pro tunc as of August 7, 1950. Smith's answer traversed the affirmative allegations of the intervening petition and

further averred that the transfer of the sedan was fraudulent and therefore void because it was made without consideration and for the purpose of delaying, hindering and defrauding him in the collection of his damages from Dr. Pergrem.

By agreement the action was tried as an equity suit with the result that the purported transfer was decreed to be fraudulent and it was ordered set aside as void. After further adjudging that Dr. Pergrem was the owner of the sedan at the time the attachment was levied, it was ordered that the attachment and the grounds therefor be sustained, and that the intervening petition be dismissed. It is from this order that the appeal is taken.

Was Dr. Pergrem or Martha Combs the owner of the Packard sedan at the time the attachment was levied and was the purported bill of sale made on January 27, 1949, fraudulent and therefore void?

Appellee admits that an action was not begun against Martha Combs within six months after the date the sedan had been transferred to her, since some seven months had elapsed from the date of the purported sale and its recordation before proceedings were commenced against her to nullify the transfer of the sedan to her, but he insists the six-months' statute of limitations, namely, KRS 378.070(1), relied upon by appellants as a bar to his action, is not applicable to the facts of this case. We find ourselves in full agreement with appellee's contention on this point, for the reason that KRS 378.070(1) relates exclusively to a transfer made by one who prefers a prior creditor over and above other creditors, and an attack upon such a preferential sale as provided in the foregoing section cannot be sustained unless it be initiated within six months from the date one has actual or constructive knowledge of it. The case at bar is not one to have the alleged sale of the sedan declared to be a preferential transfer; it is cast under KRS 378.010 whereby appellee seeks to set aside, as he contends, a fraudulent transfer made to delay, hinder and defraud him in the collection of his claim for damages. The latter action is

bottomed upon fraud and is not barred by limitations until after the expiration of five years from the time it accrued, as provided by 413.130(3). See also Gillardi v. Henry, 272 Ky. 188, 113 S.W.2d 1158, and Morgan v. Hibbard, Spencer, Bartlett & Co., 299 Ky. 57, 184 S.W.2d 218.

It is next argued that Martha Combs acquired the automobile in good faith for a valuable consideration. The record discloses that the sedan was purchased by Dr. Pergrem on August 9, 1948, from the Bowling Motor Sales in Pikeville and that a bill of sale was made to him and the car was licensed in his name. It was also proven that he paid the sum of $3,650 for the automobile by a check drawn on the First National Bank of Pikeville and which was signed by him. Clarence E. Brewer, vice president and comptroller of the bank, who was introduced on behalf of appellee, testified that Dr. Pergrem then had on deposit at that bank the sum of $3,650 and this amount was charged to his account on August 11, 1948. The record also reveals that Martha Combs is the mother-in-law of Dr. Pergrem, that she has resided with him several years, and that she was making her home with him at the time he executed a bill of sale to her for the car. The sedan was transferred to her seven days after the accident, and it was conclusively established that Dr. Pergrem was financially embarrassed on the date of the transfer.

To rebut this evidence, Martha Combs and Mrs. Bess Pergrem, the wife of Dr. Pergrem, both testified that, although Dr. Pergrem paid for the car out of the money in his account, he was actually buying the car for Martha Combs because he was indebted to her at that time in the sum of $2,750. Neither witness attempted to explain why the bill of sale was made to Dr. Pergrem and why the car was licensed in his name. Nor did Dr. Pergrem ever appear as a witness to testify relative to any phase of the transaction. There was also a failure to satisfactorily account for all the items of indebtedness claimed to be due from Dr. Pergrem to Martha Combs.

It is not essential to establish fraud by direct evidence. As a matter of fact, the issue as to fraud is commonly determined by certain recognized indicia denominated "badges of fraud". Smith v. Holland, 298 Ky. 598, 183 S.W.2d 647, 650. Where badges of fraud are shown, it is a well-settled rule that the burden shifts to the transferee and he must rebut the inferences thereby created and sustain the bona fides of the transaction. Sweeney v. Farmers' State Bank, 219 Ky. 471, 293 S.W. 959. The following are badges of fraud: Where a transfer is made by a debtor of his property in anticipation of a suit that is likely to be filed against him, Pope v. Cawood, 293 Ky. 660, 170 S.W.2d 55; where the transfer about which a question is raised is between members of a family, First National Bank of Jackson v. Short, 234 Ky. 130, 27 S.W.2d 668; and where the transfer of property is made by one who is insolvent or financially embarrassed, Campbell v. First National Bank of Barbourville, 234 Ky. 697, 27 S.W.2d 975.

All the foregoing badges of fraud were shown to exist in the case at bar because it was definitely established that Dr. Pergrem, who was then insolvent, transferred the sedan to Martha Combs, his mother-in-law, seven days after the accident. Moreover, we think it was shown that the transfer was not for a valuable consideration. The burden was upon appellants to sustain the bona fides of a transfer heavily overshadowed by suspicion, and we are convinced, as was the lower court, there was a complete failure upon the part of Dr. Pergrem and Martha Combs to explain away or rebut the overwhelming presumption of mutual fraudulent intent upon their part to defeat appellee's claim.

Wherefore, the judgment is affirmed.